**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

                                               Case No. 98-80177
v.                                                Hon. Lawrence P. Zatkoff

JIMMIE EDWARD JACKSON,

    Defendant/Petitioner.
_____/

## **ORDER**

This matter is before the Court on Defendant's pro se petition for suspension of sentence or placement on probation or running concurrent with state parole [dkt 13]. On October 20, 1998, Defendant was sentenced by this Court to a period of 100 months incarceration for armed bank robbery, a sentence which was to run consecutively with a twenty-to-thirty-year state court sentence for armed robbery. On June 16, 2004, the Court denied Defendant's request to reopen his sentence under Fed. R. Civ. P. 60(b), concluding that criminal defendants may not seek relief from a criminal sentence under Fed R. Civ. P. 60(b).

In his current motion, Defendant asks the Court to amend, modify or revoke his sentence, and order probation, but Defendant offers no legal basis upon which to grant the relief he requests, arguing only that he has exhibited good behavior while in prison and that reentry programs will assist him in his reentry into society. For this reason, the Court denies Defendant's request for relief.

Even were the Court to construe Defendant's motion as one brought under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c), or Fed. R. Civ. P. 60(b), the Court may not grant Defendant's requested relief. *See* 28 U.S.C. § 2255(a) (remedies on motions attacking criminal sentences are limited to instances

where "the sentence was imposed in violation of the Constitution or laws of the United States[,] . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack"); *United States v. Damon*, 59 Fed. Appx. 619, 620-21 (6th Cir. 2003) (stating that a "§ 3582 motion is considered a criminal action which must be appealed within the . . . period set forth in Fed. R. App. P. 4(b)", and that "[a] defendant . . . may not seek relief from a criminal sentence under Fed. R. Civ. P. . . . 60(b)")).

Accordingly, IT IS HEREBY ORDERED that Defendant's petition for suspension of sentence or placement on probation or running concurrent with state parole [dkt 13] is DENIED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: June 8, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 8, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290