# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                      Case No. 98-80177

Jimmie E. Jackson,

                            Sean F. Cox

    Defendant.            United States District Court Judge

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JAIL CREDIT OR RESENTENCING

On July 22, 1998, Defendant Jimmie E. Jackson pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d). While Jackson awaited sentencing on his federal charge, a Michigan jury convicted him of armed robbery for a separate incident. On September 28, 1998, Jackson was sentenced to a term of imprisonment between 240 and 360 months for his state conviction. On October 20, 1998, the Hon. Lawrence P. Zatkoff sentenced Jackson to 100 months imprisonment on his federal charge, to run consecutively to his state sentence.

Now, Jackson has filed a motion for jail credit from his state case or, in the alternative, for resentencing. (ECF No. 21) The Court will deny this motion for the reasons below

## ANALYSIS

### I.    Jail Credit

Prisoners are entitled to credit against their federal sentences for any time served "prior to the date the sentence commences," if that time "has not been credited against another sentence." 18 U.S.C. § 3585(b). District courts, however, are not authorized to award a defendant credit for time

1

served.  *See, e.g., United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons");  *United States v. Noel*, 2010 WL 1378532, *3 (6 Cir. Apr. 8, 2010).  Moreover, the time that Jackson wishes to apply to his federal sentence has, presumably, already been credited against his state sentence.  Thus, this Court is unable to provide the relief that Jackson seeks.

## II.    Resentencing

Jackson also asks the Court to alter his federal sentence so that it runs concurrently to his state sentence.  "A district court may modify a defendant's sentence only as provided by statute."  *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir.2009).  18 U.S.C. § 3582(c) permits a modification of imprisonment in three circumstances: (1) "upon motion of the Director of Bureau of Prisons;" (2) where such reduction is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" or (3) based upon some change to the applicable sentencing guidelines.

Jackson argues that the Court erred by making his federal sentence consecutive to his state sentence because it did not articulate, on the record, why the 18 U.S.C. § 3553(a) sentencing factors supported a consecutive sentence.  Because Jackson provides no authority indicating that this is a situation in which the Court may modify a sentence, the Court concludes that it is unable to provide the relief that Jackson seeks.

## CONCLUSION

For these reasons, the Court DENIES Jackson's motion for jail credit from state case or,

in the alternative, for resentencing.

IT IS SO ORDERED.

Dated:  January 23, 2019                                      s/Sean F. Cox
                                                             Sean F. Cox
                                                             U. S. District Judge

I hereby certify that on January 23, 2019, the foregoing document was served on counsel of record via electronic means and upon Jimmie Edward Jackson via First Class mail at the address below:

Jimmie Edward Jackson #169665
CENTRAL MICHIGAN CORRECTIONAL FACILITY
320 N. HUBBARD
ST. LOUIS, MI 48880

                                                             s/J. McCoy
                                                             Case Manager