UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Case No. 98-80177

Jimmie E. Jackson,

                                              Sean F. Cox
    Defendant.                  United States District Court Judge
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS CHARGES (ECF No. 26)
AND MOTION FOR SUMMARY JUDGMENT (ECF No. 27)**

       On July 22, 1998, Defendant Jimmie E. Jackson pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d). While Jackson awaited sentencing on his federal charge, a Michigan jury convicted him of armed robbery for a separate incident. On September 28, 1998, Jackson was sentenced to a term of imprisonment between 240 and 360 months for his state conviction. On October 20, 1998, the Hon. Lawrence P. Zatkoff sentenced Jackson to 100 months imprisonment on his federal charge, to run consecutively to his state sentence.

       Now, Jackson has filed a "motion to dismiss charges of armed bank robbery to a lesser charge of bank robbery pursuant to 18 U.S.C. 2113(a) and (d)" (ECF No. 26) and a "motion for summary judgment due to the lack of material facts." (ECF No. 27). The Government responded to these motions. (ECF No. 31). Because the Court concludes that oral argument will not aid the decisional process, the Court will decide the motion on the parties' briefing. E.D. Mich. LCrR 12.1(a); LR 7.1(f)(2).

# ANALYSIS

In his motions, Jackson asks the Court to reduce his charge to unarmed bank robbery. Once imposed, "[a] district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir.2009). 18 U.S.C. § 3582(c) permits a modification of imprisonment in three circumstances: (1) "upon motion of the Director of Bureau of Prisons;" (2) where such reduction is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" or (3) based upon some change to the applicable sentencing guidelines.

In arguing for a reduced charge, Jackson cites the federal statutes prohibiting armed and unarmed bank robbery (18 U.S.C. § 2113(a) and (d)); two federal gun laws (18 U.S.C. § 922 and § 924); and Federal Rule of Civil Procedure 56. None of these sections provide a mechanism for the Court to modify Jackson's sentence.[1] Because Jackson provides no authority indicating that this is a situation in which the Court may modify a sentence, the Court concludes that it is unable to provide the relief that Jackson seeks.

Moreover, to the extent that Jackson argues his armed robbery conviction cannot stand because there is no evidence that a gun was involved in his crime of conviction, this argument is contradicted by his plea agreement (ECF No. 31-1), and his own statements made during his plea hearing (ECF No. 31-2):

> The Court:   Did you as charged in this information help [Jerome L. Wood] rob the bank?
>
> Jackson:   Yes, sir, I did.
>
> The Court:   What did you do?

---

[1] Notably, Federal Rule of Civil Procedure 56 is applicable in civil actions. Fed. R. Civ. P. 1. This is a criminal case.

| | |
|---|---|
| Jackson: | I drove the car. |
| The Court: | You knew he was going to rob the bank? |
| Jackson: | He said he was. |
| The Court: | **You saw the gun?** |
| Jackson: | **I seen the gun when he came back**. |
| The Court: | **Did you know he had a gun when he went into the bank?** |
| Jackson: | **Yes, sir. He's known to carry a gun so I knew he had a gun.** |

(ECF No. 31-2, PageID 106-107) (emphasis added). Thus, there is ample evidence that a gun was present during Jackson's crime of conviction.

## CONCLUSION

For these reasons, the Court **DENIES** Jackson's motion to dismiss (ECF No. 26) and motion for summary judgment (ECF No. 27).

**IT IS SO ORDERED.**

                                           s/Sean F. Cox
                                           Sean F. Cox
                                           United States District Judge

Dated: May 16, 2019