UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                                Criminal Case No. 98-80177

Jimmie Edward Jackson,                          Sean F. Cox
                                                                      United States District Court Judge

      Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S REQUEST FOR COUNSEL**
**AND HIS MOTION FOR COMPASSIONATE RELEASE**

      Defendant Jimmie Edward Jackson ("Defendant") was convicted of armed bank robbery

and is currently serving his sentence of imprisonment. The matter is now before the Court on

Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which

is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The

Court concludes that a hearing is not warranted and orders that the motion will be decided based

upon the briefs. As explained below, the Court shall deny Defendant's request for the

appointment of counsel and his Motion for Compassionate Release.

**BACKGROUND**

      In this criminal case, Defendant pleaded guilty to one count of armed bank robbery , in

violation of 18 U.S.C. § 2113(a) and (d). The Honorable Lawrence P. Zatkoff sentenced

Defendant to total of 100 months of imprisonment, to run consecutively with a twenty-to-thirty-

year state sentence for armed robbery.

      On June 16, 2021, Defendant filed his *pro se* Motion for Compassionate Release. (ECF

No. 36).

Defendant is now fifty-nine years old.  He is currently housed at Coleman I USP.  His projected release date is November 29, 2025.  Defendant filed his Motion for Compassionate Release asserting that his age and medical conditions, such as hypertension and diabetes, put him at risk for more severe symptoms of COVID-19 if he were to contract it.  He also asserts that his sister has health problems and needs his assistance.  Defendant asserts that while incarcerated he has obtained his G.E.D. and has participated in a number of programs, such an employment readiness program and digital literacy.

The Court ordered the Government to respond to Defendant's motion by July 21, 2021, and ordered that any reply brief by Defendant had to be filed by August 18, 2021, and that no other briefs could be filed without leave of Court.  (ECF No. 37).

The Government opposes Defendant's motion on the merits.  The Government contends the motion should be denied because Defendant has been vaccinated against COVID-19 and, as a result, does not present extraordinary and compelling circumstances that warrant his release. (ECF No. 39).  The Government has filed, under seal, medical records establishing that Defendant has been fully vaccinated.

Thereafter, Defendant filed a brief (ECF No. 42) that was docketed on August 17, 2021, wherein he asks to have counsel appointed for him.

The Court declines to appoint counsel for Defendant, as The Sixth Amendment secures to a criminal defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process.  *United States v. Wade*, 388 U.S. 218, 224 (1967).  The United States Supreme Court had held that a prisoner's post-conviction right to counsel extends only to the first appeal of right and no further.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Thus, the decision

2

whether to appoint counsel for Defendant for purposes of filing a motion for compassionate release is a decision within the sound discretion of a district court. *United States v. Stephens,* 2020 WL 3250226 at *2 (E.D. Mich. June 16, 2020).

Motions for Compassionate Release are not complex, either legally or factually, and Defendant was able to draft and file a motion on his own.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at *1*.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a

sentence reduction.  18 U.S.C. § 3582(c)(1)(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added).  But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra,* at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.*  That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109.  Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added).  But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three

4

prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* (emphasis added).

Defendant contends that his request for compassionate release should be granted because the ongoing pandemic constitutes extraordinary and compelling circumstances.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Here, it is undisputed that Defendant has one or more medical conditions that, absent being vaccinated, would place him at greater risk of severe complications if he were to contract COVID-19. Notably, however, *Defendant has been fully vaccinated, as shown by his medical records.* (ECF No. 40-3). Defendant has received two doses of the Pfizer vaccine. "The Centers for Disease Control and Prevention ('CDC') advise that the Pfizer vaccine is 95% effective at preventing COVID-19 in individuals who have not previously contracted COVID-19, and '[e]fficacy [i]s similarly high in a secondary analysis including participants [with] evidence of previous SARS-CoV-2 infection.'" *United States v. Goston*, 2021 WL 872215 (E.D. Mich. March 9, 2021 J. Levy) (citing the Advisory Committee on Immunization Practices' Interim Recommendation for Use of Pfizer-BioNTech COVID-19 Vaccine—United States, December

5

2020, Centers for Disease Control (Jan. 28 2021)).

Numerous district courts across the county, including in this district, have concluded that, "absent some shift in the scientific consensus," a defendant's vaccination against COVID-19 "precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, 2021 WL 364636 at *2 (E.D. Mich. Feb. 3, 2021 J. Luddington).  This Court agrees with that assessment.

Thus, the Court finds that Defendant has not presented extraordinary and compelling circumstances that warrant his release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's request for counsel and his Motion for Compassionate Release are **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 24, 2021